UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60557-CIV-MARRA/SELTZER

LIZ ORDONEZ-DAWES,

    Plaintiff,

vs.

TURNKEY PROPERTIES, INC., a Florida
corporation d/b/a REMI DEVELOPERS;
MICHAEL FRIEND, individually;

    Defendants.
_____/

**ORDER AND OPINION**

This Cause is before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed December 26, 2006. (DE 36.) On January 12, 2007, Plaintiff filed her response. (DE 38.) On January 19, 2007, Defendants filed their reply. (DE 40.) The Court has considered the motion, the responses, and is otherwise fully advised in the premises. The matter is now ripe for review.

**I.    Background**

This is a civil action brought by Plaintiff Liz Ordonez-Dawes against Defendant Turnkey Properties, Inc., a Florida corporation doing business as Remi Developers ("Remi Developers") and Defendant Michael Friend, for infringement of copyright pursuant to 17 U.S.C. § 407.[1] The facts as gleaned from the complaint and accepted as true for purposes of this motion to dismiss,

---

[1] Originally, Defendant Lila Friend was named a defendant. Plaintiff has since filed a voluntarily dismissal of Defendant Lila Friend without prejudice (DE 37) which the Court granted (DE 45).

are as follows.

Plaintiff is a professional photographer and Defendant Friend is the owner and operator of Defendant Remi Developers. (Amended Complaint ¶¶ 3, 7) Plaintiff provided to Defendants several of Plaintiff's photographs for the limited purpose of using them for advertising for Remi Developers and only Remi Developers. (Amended Complaint ¶ 8.) Prior to giving Defendants the photographs, Plaintiff registered them with the Registrar of Copyrights. (Amended Complaint ¶ 11.) Defendants then disseminated these photographs to third parties for the third parties' advertisements without permission of Plaintiff. These actions caused the photographs to be published by the third parties, without the permission of Plaintiff. (Amended Complaint ¶¶ 13, 22.) These photographs, as identified in exhibit B attached to the Amended Complaint, are pictures of homes.

Exhibit B is comprised of seven pages of black and white photocopies of advertisements containing the copyrighted photographs of homes. The advertisements are for real estate companies selling residential homes and a bank offering mortgages. The advertisements appear on the internet and ostensibly in print. Plaintiff has marked each photocopy with her name and the address of the photographed house. Some dates can be deciphered from the advertisements.

The first count of the two-count amended complaint alleges that Remi Developers was not authorized to use, alter, distribute, or make available for use the photographs Plaintiff had provided to them. (Amended Complaint ¶ 15.) Remi Developers distributed the photographs to third parties without Plaintiff's consent and with the knowledge that the photographs would be used for advertising by the third parties; these actions caused the photographs to be published and placed on the market as illustrated by Exhibit B. (Amended Complaint ¶¶ 13, 16.) As a result of

these actions, Plaintiff alleges that Remi Developers is directly, contributorily, and vicariously liable for copyright infringement.  With respect the claim for vicarious liability, Plaintiff alleges that Defendant Remi Developers disseminated these photographs to directly promote Remi Developers and businesses from which Remi Developers derives profits.  (Amended Complaint ¶ 14.)  Remi Developers had the ability to prevent these third parties from using the photographs by informing the third parties that Plaintiff had not given consent for use of the images. (Amended Complaint ¶ 14.)

The second count contains many of the same allegations against Defendant Friend, alleging Defendant Friend is also directly, contributorily, and vicariously liable for copyright infringement.  (Amended Complaint ¶ 24.)  Defendant Friend disseminated the photographs, without Plaintiff's permission, and his actions caused the photographs to be published on the market.  (Amended Complaint ¶¶ 21, 22.)  Additionally, Defendant Friend had the capacity and control over third parties to prevent the infringement of Plaintiff's images.  (Amended Complaint ¶ 20.)

For relief, Plaintiff demands Defendants pay statutory damages and actual damages that Plaintiff has sustained as a result of the alleged copyright infringement.

In Defendants' Motion to dismiss, Defendants argue that Plaintiff has not stated sufficient factual allegations to satisfy the elements of a claim for copyright infringement.  Namely, Defendants argue Plaintiff has not identified: 1) the copyrighted work that was infringed; 2) the infringing act by Defendants, other than the pictures were 'disseminated;' and 3) when the alleged infringement occurred.  Defendants also argue that Plaintiff fails to include facts to support theories of direct, contributory, and vicarious infringement, only pleading conclusory

allegations.  Finally, Defendants argue that the statute under which Plaintiff has brought suit only provides for statutory damages *or* actual damages, not both.

In response, Plaintiff argues that the Amended Complaint has sufficiently provided notice to Defendants that they are being sued for using and distributing her photographs found in the infringing advertisements attached to the Amended Complaint.  Plaintiff argues that exhibit B identifies the photographs that were infringed and supplies dates of when the third parties published their advertisements.[2]

In reply, Defendants maintain that Plaintiff has not stated the basic factual allegations of what copyrighted works are at issue, what actions by Defendants infringed on that work, and the time period when the infringing acts took place.  Specifically, Defendants argue they are unsure whether Exhibit B contains the only alleged infringed photographs, what the Defendants did to infringe the copyright, and when the Defendants committed the infringing acts.

## II.     Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R. Civ. P. 8(a).  It is well settled that a complaint should not be dismissed unless "it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  When considering a motion to dismiss, the Court must accept all of the plaintiff's

---

[2] Plaintiff also argues that Defendants' motion is "unfair" because Defendants had agreed not to file a Motion to Dismiss provided that Plaintiff dismissed Defendant Lila Friend.  As the Court finds Plaintiff's other grounds sufficient to defeat Defendants' motion to dismiss, the Court does not address Plaintiff's "unfairness" argument.

allegations as true.  *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

### III.   Discussion

To state a claim for copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  *Herzog v. Castle Rock Entertainment* 193 F. 3d 1241, 1247-48 (11th Cir. 1999)(citing *Feist Publications, Inc. v. Rural Tel.Serv. Co.*, 499 U.S. 340, 361, (1991)). "If the plaintiff does not have direct proof of copying, the plaintiff may show copying by demonstrating that the defendants had access to the copyrighted work and that the works are 'substantially similar.'" *Herzog,* 193. F. 3d at 1248 (citing  *Benson v. Coca-Cola Co.,* 795 F.2d 973, 974 (11th Cir.1986), *reh'g denied,* 801 F.2d 404 (11th Cir.1986)(*en banc* )).

Here, Plaintiff has alleged and attached a valid copyright to the photographs in question and has alleged facts sufficient to satisfy the Federal Rules of Civil Procedure.   Plaintiff has alleged that Defendants had access to the copyrighted works when Plaintiff gave the photographs to Defendants with the understanding that they could only be used for Defendants' business activities.  Plaintiff then discovered the very same pictures appearing in third parties' advertisements.  Plaintiff identified the copyrighted pictures alleged to be infringed and attached copies of them to the amended complaint as Exhibit B.

Defendants arguments to the contrary are unavailing.  Accepting Plaintiff's allegations as true, as the Court is required to do at this stage of the proceedings, it is improbable Plaintiff would be able to describe with any further particularity how and when the Defendants disseminated the pictures to third parties.  Unless Plaintiff were privy to Defendants' actions, Plaintiff would be unable to pinpoint the specific acts which transpired between Defendants and

the third parties, nor the timing of those acts.  Allegations that Plaintiff gave the pictures to Defendants and those very same pictures subsequently appeared in third parties advertisement without Plaintiff's consent is sufficient at this stage of the proceedings.

"A contributory copyright infringer is one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another."  *Greenberg v. National Geographic Soc.,* 244 F. 3d 1267, 1271 n. 6 (11th Cir. 2001)(citing *Cable/Home Communication Corp. v. Network Prods., Inc.,* 902 F.2d 829, 845 (11th Cir.1990)).  Accordingly, there can be no contributory infringement without a finding that there was direct copyright infringement by another party.  *Id.*   A vicarious infringer profits from the "direct infringement while declining to exercise the right to stop or limit it."  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.,* 545 U.S. 913, 914 (2005).  "Although 'the Copyright Act does not expressly render anyone liable for [another's] infringement,' these secondary liability doctrines emerged from common law principles and are well established in the law." *Id*(quoting *Sony Corp. of America v. Universal City Studios, Inc*., 464 U.S. 417, 434, 486 (1984)).

Based on the factual scenario alleged in the amended complaint, both contributory and vicarious liability have also been sufficiently pled.  With respect to contributory liability, Defendants allegedly caused the third parties to infringe on Plaintiff's copyright by having given the copyrighted photographs to the third parties.  For vicarious liability, Plaintiff has alleged that Defendants have profited from the third parties' publication of the photographs and had the power to stop the infringement.  Although the Court recognizes the allegations for vicarious liability are not as thorough as Plaintiff's other claims, the allegations are sufficient to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Fed. R.

Civ. P. 8(a). Further exploration of these theories of liability are more aptly dealt with through discovery. If they cannot be supported with record evidence, Defendants may move for summary judgment.

Section 504 of the Copyright Act precludes recovery for both statutory and actual damages. 17 U.S.C. § 504. Here, Plaintiff requests both forms of relief it her prayer. The Court will interpret these requests as seeking alternative forms of relief, only one of which Plaintiff may elect at the appropriate time.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss is **(DE 36)** is **DENIED.**

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this 4th day of April, 2007.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
All counsel of record

Michael Friend
2257 N.E. 25th Street
Lighthouse Point, Florida 33064

Turnkey Properties Inc.
2257 N.E. 25th Street
Lighthouse Point, Florida 33064