UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-60557-CIV-MARRA/JOHNSON

LIZ ORDONEZ-DAWES,

    Plaintiff,

v.

TURNKEY PROPERTIES, INC., a
Florida corporation d/b/a REMI
DEVELOPERS, and MICHAEL
FRIEND, individually,

    Defendants.
_____/

**OPINION AND ORDER DENYING SUMMARY JUDGMENT ON DAMAGES**

THIS CAUSE is before the Court on Plaintiff's Motion for Summary Judgment on Damages (DE 71), filed September 5, 2007. The Clerk has entered a default against both Defendants, Turnkey Properties, Inc., and Michael Friend ("Defendants"), and neither Defendant has responded to this motion. In accordance with *Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1988), the Court gave notice to Defendant Michael Friend regarding the instant motion for summary judgment on November 2, 2007. The Court has carefully considered Plaintiff's motion and is otherwise fully advised in the premises.

In her Amended Complaint (DE 34), Plaintiff alleges that Defendants "were provided several of the Plaintiff's photographs for the limited purpose" of use in advertising for Defendants' company, Remi Developers. (Compl. ¶ 8.) Instead of using the photographs for this limited purpose, however, Defendants "disseminated a number of the photos to third parties for

1

the third parties' ads, in knowing violation of copyright law." (Compl. ¶ 9.)

As a result of Defendants default, Plaintiff now moves for summary judgment on the issue of damages under the Copyright Act. Plaintiff asks this Court to determine both an amount of actual damages plus infringer's profits and an amount of statutory damages under 17 U.S.C. § 504(c), from which Plaintiff will select the larger sum. (Pl. Mot. ¶ 8 n.3.) Plaintiff seeks an amount of actual damages totaling roughly $48,220,000.00 or statutory damages totaling $2,100,000.00.

Standard of Review

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. 242, 249-50.

Discussion

**Copyright Infringement**

As a result of Defendants default, Defendants are deemed to have admitted all facts in the Amended Complaint. *See Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] In this case, Plaintiff alleges that Defendants directly infringed her copyrighted works, vicariously infringed on her copyrighted works, and contributed to the

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

3

infringement of her works.  The Court has previously ruled that Plaintiff's Amended Complaint states a claim for each of these charges.  (DE 59.)  Therefore, as a result of the default which operates as an admission of all the facts alleged in the Amended Complaint, the Court concludes that Defendants are liable to Plaintiffs for copyright infringement.

Further, the Court concludes that the infringement was willful.  Copyright infringement is "willful" if the defendant had actual or constructive knowledge that its actions constituted infringement.  *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992).  In the Amended Complaint, Plaintiff states that Defendants disseminated the copyrighted photos in "knowing violation of copyright law."  This allegation, deemed admitted by virtue of Defendants' default, is sufficient for a finding of willfulness.  *See, e.g., Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1312-1314 (S.D. Fla. 2003).

## Damages for Copyright Infringement

The Copyright Act allows for a successful plaintiff to recover either "actual damages and any additional profits of the infringer" or statutory damages.  17 U.S.C. § 504(a).  A plaintiff may elect to receive statutory damages instead of actual damages plus the infringer's profits at any time before the Court renders final judgment.  17 U.S.C. § 504(c)(1).

The Copyright Act explains actual damages and infringer's profits as follows:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.  In establishing the infringer's gross revenue, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b).  To determine "actual damages" under this section, the Court must look at the injury to the market value of a plaintiff's copyrighted works as a result of the infringement.  *See Montgomery v. Noga*, 168 F.3d 1282, 1294 (11th Cir. 1999) (quoting 4 *Nimmer on Copyright* § 14.02[A]).  While Plaintiff characterizes the damages she seeks as "actual damages," in reality, Plaintiff does not seek actual damages – instead, she seeks only profits of the infringer.  The only evidence she has presented to prove "actual damages" are her lost licensing fees and the infringer's gross revenues.  Neither of these items of evidence relate to the decline in market value of Plaintiff's works.  Since Plaintiff has not presented any evidence of actual damages and has not alleged any decline in market value for her works, the Court cannot award actual damages to Plaintiff.

Nonetheless, the Court may still award the infringer's profits to Plaintiff.  As has been stated, the statute states that a plaintiff must only present evidence of the "infringer's gross revenue."  The burden then shifts to the defendant to show that those revenues are unrelated to the infringing activity.  Taking the plain meaning of the statute, Plaintiff has presented only evidence of Defendants total revenues from all sources for a two-year period.  This evidence suggests total gross revenues for Defendants of approximately $48 million, and because Defendants have defaulted and not presented any evidence of "deductible expenses," Plaintiff asserts she should be entitled to an award of infringer's profits of roughly $48 million.  Plaintiff relies primarily on a case from the Middle District of Florida, where the court held that a plaintiff need not demonstrate a causal link between the infringer's profits and the allegedly infringing activity.  *Home Design Services, Inc. v. Park Square Enters.*, No. 02-cv-637-Orl-28JGG, 2005 U.S. Dist. LEXIS 33627 at *11-12 (M.D. Fla. May 2, 2005)*.*

Plaintiff is correct that the plain language of 17 U.S.C. § 504(b) does not expressly require her to show a nexus between the Defendant's gross revenues and the infringement. While the Eleventh Circuit has not ruled directly on this issue, the Court has found that virtually every other Court of Appeals to consider this issue has required some nexus between the infringing activity and the gross revenue figure proffered by a plaintiff. *See, e.g., Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004) ("Thus, a copyright owner is required to do more initially than toss up an undifferentiated gross revenue number; the revenue stream must bear a legally significant relationship to the infringement."); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) ("In sum, we conclude that the Defendants could properly be awarded summary judgment. . .if. . .there exists no conceivable connection between the infringement and those revenues . . . ."); *On Davis v. The Gap*, 246 F.3d 152, 160 (2d Cir. 2001) ("[W]e think the term 'gross revenue' under the statute means gross revenue reasonably related to the infringement, not unrelated revenues."); *The University of Colorado Foundation, Inc. v. American Cyanamid Co.*, 196 F.3d 1366, 1375 (Fed. Cir. 1999) (requiring the plaintiff to show a connection between defendant's gross revenues and the alleged infringement); *Taylor v. Meirick*, 712 F.2d 1112, 1122 (7th Cir. 1983) ("It was not enough to show [Defendant]'s gross revenues from the sale of everything he sold . . . ."); *see also Andreas v. Volkswagen of America, Inc.*, 336 F.3d 789, 796 (8th Cir. 2003) (explaining that the "burden of establishing that profits are attributable to the infringed work often gets confused with the burden of apportioning profits between various factors contributing to the profits").

Plaintiff's attempts to distinguish these cases from the instant case are unavailing. Plaintiff states that the holding in *Polar Bear Productions* only required "some evidence" that the

infringement "at least partially" caused the infringer's profits.  (Pl. Supp. Br. 1.)  However, that statement is derived from a prior Ninth Circuit case, *Mackie v. Rieser*, 296 F.3d 909, 911 (9th Cir. 2002).  Immediately after quoting *Mackie*, the *Polar Bear Productions* court stated that "it is implicit that the profits sought are those that arise from the infringement" and that "the revenue stream must bear a legally significant relationship to the infringement."  *Polar Bear Productions*, 384 F.3d at 711.  In other words, it is insufficient for a plaintiff to demonstrate the infringer's gross revenues from all streams of revenue – the gross revenues must be causally connected to the infringement.  *Id.* at 711 n.2.

Plaintiff does correctly state the holdings in *On Davis* and *Meirick* – only gross revenues derived from the infringing activity can be considered when calculating the infringer's profits.  Plaintiff seems to believe, however, that because Defendants used Plaintiff's copyrighted works in promoting their home sales that the sales of *any* homes during the relevant time period are related to the infringement.  The Court cannot accept this argument, because Plaintiff has not demonstrated that those gross revenues are causally connected or derived from the infringing activity.  It is not sufficient for Plaintiff merely to show that Defendants used these pictures in promoting their property sales and that Defendant also sold properties.  *See Bouchat*, 346 F.3d at 520 (explaining that a court should find in favor of an infringer in cases where "despite the existence of a *conceivable* link, the plaintiff failed to offer anything more than mere speculation as to the existence of a causal connection between the infringement and the claimed revenues") (emphasis added).

To award infringer's profits in this case, Plaintiff must demonstrate that the use of Plaintiff's copyrighted photographs is somehow connected to actual home sales.  If Defendants

sold a property, and Plaintiff's copyrighted pictures were used to promote the sale of that particular home, then the revenue derived from that property would be causally connected to the infringement. However, Plaintiff has not demonstrated how the use of Plaintiff's photographs was related to any particular sale made by Defendants. Plaintiff must demonstrate some concrete connection between the infringing use of the photographs and Defendants' gross revenues.

Accordingly, the Court must deny Plaintiff's motion for summary judgment for damages. The Court will hold an evidentiary hearing to determine what gross revenues can be attributed to the infringing activities to calculate the proper amount of Defendants' profits due to Plaintiff. Further, the Court will reserve judgment on the appropriate amount of statutory damages until after the evidentiary hearing.

It is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment on Damages (DE 71) is **DENIED**. This case shall be set for an evidentiary hearing on Plaintiff's damages. The parties shall appear before U.S. District Judge Kenneth A. Marra for calendar call on Friday, April 11, 2008, at 10:00 a.m. Calendar call will be held at the U.S. Courthouse, Courtroom 4, 701 Clematis Street, West Palm Beach, Florida.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of March, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record