UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-60557-CIV-MARRA/JOHNSON

LIZ ORDONEZ-DAWES,

    Plaintiff,

v.

TURNKEY PROPERTIES, INC., a
Florida corporation d/b/a REMI
DEVELOPERS, and MICHAEL
FRIEND, individually,

    Defendants.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS CAUSE came before the Court on April 20, 2006, with the filing of the first Complaint (DE 1).  The Complaint was subsequently amended on December 6, 2006 (DE 34). Plaintiff Liz Ordonez-Dawes ("Plaintiff") has alleged that Defendants "were provided several of the Plaintiff's photographs for the limited purpose" of use in advertising for Defendants' company, Remi Developers.  (Compl. ¶ 8.)  Instead of using the photographs for this limited purpose, however, Defendants "disseminated a number of the photos to third parties for the third parties' ads, in knowing violation of copyright law."  (Compl. ¶ 9.)  The Clerk of this Court entered an order of default against Defendants Turnkey Properties and Michael Friend on May 2, 2007, for their failure to answer or respond to Plaintiff's Amended Complaint (DE 34). Plaintiff then filed for Summary Judgment on Damages (DE 71), which this Court subsequently denied.

1

The Court then held an evidentiary hearing on April 11, 2008, to determine the proper amount of damages due to Plaintiff.

Findings of Fact[1]

1. Plaintiff was and is a professional photographer who provided copyrighted photographs to Defendants for limited purposes.  (Compl. ¶¶ 3, 8.)

2.  Plaintiff held valid Certificates of Registration with the Registrar of Copyrights, pursuant to 17 U.S.C. § 407, on all seven photographs she provided to Defendants.  (Compl. ¶ 11, ex. A, B.)

3.  Defendants disseminated Plaintiffs copyrighted works to third parties.  (Compl. ¶ 9.)  This dissemination was done knowingly in violation of federal copyright laws.  (*Id*.)

4.  Plaintiff provided Defendants with copyrighted pictures of a property located at 2308 Bay Drive, Pompano Beach, Florida.  (Compl. Ex. B.)  Defendants then distributed Plaintiff's pictures of this property to third parties, including Classic Realty Group, who then reproduced and distributed these images.  (Pl. Ex. B.)  Defendants sold the property located at 2308 Bay Drive, Pompano Beach, Florida, for $7,538,000.00 on May 19, 2005. (Pl. Ex. A.)

5.  Plaintiff provided Defendants with a copyrighted picture of a property located at 2250 Northeast 26th Street, Lighthouse Point, Florida.  (Compl. Ex. B.)  Defendants distributed Plaintiff's picture of this property to third parties, including New Homes Sales Realty and Jeff Hillenbrand, who then reproduced and distributed this image.  (Pl. Ex. D.)  Defendants sold the

---

[1]As a result of Defendants' default and failure to appear in the case, Defendants are deemed to have admitted all facts alleged in the Amended Complaint. *See Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

property located at 2250 Northeast 26th Street, Lighthouse Point, Florida, for $1,700,000.00 on November 11, 2004.  (Pl. Ex. C.)

6. Plaintiff provided Defendants with a copyrighted picture of a property located at 3480 Northeast 31st Avenue, Lighthouse Point, Florida.  (Compl. Ex. B.)  Defendants distributed Plaintiff's picture of this property to third parties, including Jeff Hillenbrand, who then reproduced and distributed this image.  (Pl. Ex. F.)  Defendants sold the property located at 3480 Northeast 31st Avenue, Lighthouse Point, Florida, for $2,792,500.00 on September 30, 2002.  (Pl. Ex. E.)

7. Plaintiff's standard business practice, based on industry custom, is to sell customers an unlimited non-exclusive license when the customer does not wish to provide details regarding the planned use and distribution of the copyrighted work.  (Pl. Aff. ¶ 11.)  Plaintiff bases her fees for unlimited non-exclusive licenses on the standard fees charged in the photography industry.  (Pl. Aff. ¶ 13.)  For an unlimited non-exclusive license for the seven works at issue in this case, Plaintiff would have charged a client a fee totaling $58,760.00.

## Conclusions of Law

1. Defendants engaged in copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106, 501.  Plaintiff held a valid copyright in each of the seven works at issue, and Defendants copied original elements of those works.  *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1247-48 (11th Cir. 1999).

2. Defendants' infringement of Plaintiff's copyrights was willful, because Defendants had actual knowledge that its actions constituted infringement.  *N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992).  Further, Defendants' infringement is

deemed willful by virtue of Defendants' default in this action. *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1312-1314 (S.D. Fla. 2003).

3. Pursuant to 17 U.S.C. § 504(b), Plaintiff has demonstrated actual damage to her copyrighted works totaling $58,760.00. Plaintiff has demonstrated that she would have charged $58,760.00 for an unlimited, non-exclusive license to use the copyrighted works in question. The Court finds that this amount is a reasonable charge for an unlimited non-exclusive license for the seven copyrighted works infringed by Defendants. Generally speaking, actual damage is measured by the injury to the market value of a plaintiff's copyrighted works. *Montgomery v. Noga*, 168 F.3d 1282, 1294 (11th Cir. 1999). However, "once a copyright holder establishes with reasonable probability the existence of a causal connection between the infringement and the loss of revenue, the burden shifts to the infringer to show that this damage would have occurred had there been no taking of copyrighted expression." *Harper & Row, Publishers v. National Enterprises*, 471 U.S. 539, 567 (1985). Plaintiff has demonstrated a connection between the infringement of her copyrighted works and her loss of licensing revenue. Because of Defendants' default, Defendants have lost the opportunity to show that this "injury" to Plaintiff's works was not the result of the infringement. *Id*. at 567.

4. Pursuant to 17 U.S.C. § 504(b), Plaintiff has demonstrated Defendants' "gross revenues" to be $12,030,500.00. The Court finds a sufficient nexus between these revenues and the infringement of three of Plaintiff's works, because three of Plaintiff's copyrighted pictures were distributed by Defendants to be used in advertising to promote the sale of those properties. Those properties were then sold after the publication of the advertisements with the infringing copies of Plaintiff's works. This connection is sufficient to show a nexus between the revenues and the infringement.

*See Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004); *On Davis v. The Gap*, 246 F.3d 152, 160 (2d Cir. 2001). As a result of Defendants default, Defendants have lost the opportunity to demonstrate that elements of Defendants' profits are attributable to factors other than the infringement of Plaintiff's copyrighted works. 17 U.S.C. § 504(b).

5. Alternatively, Plaintiff may elect an award of statutory damages per infringed work under 17 U.S.C. § 504(c). Because the infringement in this case was willful, Plaintiff may receive an award of $150,000 for each copyrighted work that Defendants infringed. Thus, Plaintiff may receive an award of statutory damages totaling $1,050,000.00 for all seven copyrighted works for which Defendants engaged in willful infringement.

Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff is entitled to an award of actual damages and infringer's profits, pursuant to 17 U.S.C. § 504(b), of $12,089,260.00. This amount consists of $58,760.00 in actual damages and $12,030,500.00 in lost profits.

2. Alternatively, Plaintiff is entitled, pursuant to 17 U.S.C. § 504(c)(2) to an award of statutory damages for each copyrighted work for which Defendant is liable for infringement. Because Defendants' infringement was willful, Plaintiff may recover $150,000.00 for each work infringed. Defendant infringed the copyrights on seven of Plaintiff's works, so Plaintiff is entitled to an award of statutory damages of $1,050,000.00.

3. Plaintiff shall move this Court within five (5) days of the date of entry of this Order to enter final judgment, noting which form of damages Plaintiff elects to receive (as

permitted by 17 U.S.C. § 504(c)(1)).

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of April, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record