UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 06-60557-CIV-MARRA/JOHNSON

LIZ ORDONEZ-DAWES,

    Plaintiff,

v.v

TURNKEY PROPERTIES, INC., a
Florida corporation d/b/a REMI
DEVELOPERS, and MICHAEL
FRIEND, individually,

    Defendants.
_____/

## ORDER DENYING RELIEF FROM ENTRY OF FINAL JUDGMENT

THIS CAUSE is before the Court on Defendant Michael Friend's Answer to Amended Complaint (DE 89), which the Court construes as a Motion to Vacate Entry of Default Judgment. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Defendant Michael Friend ("Defendant") filed his "answer," claiming that "excusable neglect" prevented him from answering the Amended Complaint (DE 34) – specifically, that he moved to a new address and that documents were being sent to the incorrect address. Defendant further argues that the amount of damages Plaintiff received pursuant to the default judgment are unreasonable based on the facts surrounding the case.

Pursuant to Fed. R. Civ. P. 60(b)(1), a party may move to set aside a default judgment on the grounds of excusable neglect. In order to establish excusable neglect, the movant must show

good cause for his default as well as a meritorious defense to the action. *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987). Further, vacating the default must not be unduly prejudicial to the non-defaulting party. *Florida Physician's Insurance Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

Defendant claims that his "excusable neglect" for failing to answer the Amended Complaint (DE 34) is that "he moved five months ago" to a new address and that he is in financial trouble. (DE 89.) Nevertheless, Plaintiff filed the Amended Complaint on December 6, 2006 – almost a full year prior to Defendant's change of address. A review of the record shows that Defendant ceased actively litigating his case in February 2007, not upon his change of address in November 2007. Plaintiff's Motion for Summary Judgment (DE 71) and this Court's own Notice of Summary Judgment Procedures (DE 77) were both issued and served on Defendant more than five months ago. The fact that Plaintiff changed his address in late 2007 does not demonstrate "excusable neglect" for ignoring this case for more than a year.

Furthermore, Plaintiff has not demonstrated that he has a meritorious defense to the action nor has he shown that vacating the default would not be prejudicial to Plaintiff. Defendant merely offers arguments on why the amount of damages the Court awarded Plaintiff are not realistic. Defendant had several opportunities to present these arguments to the Court, but he chose not to do so.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Michael Friend's Answer to Amended Complaint (DE 89), construed as a Motion to Vacate Entry of

Default Judgment Pursuant to Fed. R. Civ. P. 60(b) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of May, 2008.

_____
KENNETH A. MARRA
United States District Judge

Copies furnished to:
all counsel of record
Michael Friend, *pro se*
Turnkey Properties, Inc.